IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEGAL ASSET FUNDING, LLC, | |
| Plaintiff, | CIVIL ACTION NO. 3:04-CV-01156 |
| v. | (JUDGE CAPUTO) |
| KEVIN VENESKI AND JUANITA VENESKI, | |
| Defendants. | |

## **MEMORANDUM**

Presently before the Court is Plaintiff Legal Asset Funding, LLC's Motion for Reconsideration (Doc. 83) of the Court's Memorandum and Order (Doc. 74) dated September 12, 2006, in which the Court: (1) granted summary judgment in favor of Defendant Kevin Veneski as to Counts II and IV of Plaintiff's Complaint; and (2) granted summary judgment in favor of Defendant Juanita Veneski as to all counts of Plaintiff's Complaint.  For the reasons stated below, the Court will deny Plaintiff's Motion.

## **BACKGROUND**

Plaintiff is engaged in the business of purchasing legal receivables, such as anticipated legal fees in pending cases.  The Veneskis were plaintiffs in a medical malpractice action, which their attorney, Norman Leonard Cousins ("Cousins") financed from fee purchase agreements entered into with Plaintiff.  Cousins misrepresented to Plaintiff that he was to receive a one-third contingency fee for representing the Veneskis in their action.  This was despite the fact that New York, the state in which the medical malpractice action was prosecuted, imposes a statutory cap on attorney's fees in medical malpractice cases which is well below one-third of the award or settlement. (*See* Doc. 74

at 1-6.)

Plaintiff believes the Veneskis were complicit in Cousins' fraud because of an affidavit executed by Kevin Veneski to support a potential application for an additur to Cousins' contingency fee. In the affidavit, Veneski stated that, in the event that Cousins was not given a one-third contingency fee by the court, he would nonetheless pay the difference in the form of a gift. Plaintiff asserts that this affidavit was only created to induce it to enter into the fee purchase agreements with Cousins to fund the Veneskis' medical malpractice action. (*See* Doc. 74 at 1-6.)

On May 27, 2004, Plaintiff filed a Complaint against the Veneskis ("Defendants") in this Court. (Doc. 1.) Therein, Plaintiff asserted claims for promissory estoppel (Count I), fraud (Count II), unjust enrichment (Count III), as well as a claim for relief from a fraudulent conveyance under Pennsylvania's Uniform Fraudulent Transfers Act ("PUFTA"), 12 PA. CONS. STAT. ANN. § 5101, *et seq*. (Doc. 1 ¶¶ 52-74.)

On June 29, 2004, Defendants filed a Motion to Dismiss the Complaint, or, alternatively, a Motion for Summary Judgment. (Doc. 4.) On September 12, 2006, the Court granted Defendants' Motion in part, entering summary judgment in Defendant Kevin Veneski's favor as to Counts II (fraud) and IV (PUFTA) of Plaintiff's Complaint, and dismissing all counts against Defendant Juanita Veneski. (Doc. 74).

On September 27, 2006, Plaintiff filed its Motion for Reconsideration. (Doc. 83.) Therein, Plaintiff argues that there is newly discovered evidence – the depositions of Kevin Veneski and Cousins – which raises a genuine issue of material fact as to whether Defendants were complicit in Cousins' fraud. Specifically, Plaintiff points to Kevin Veneski's admission, in his June 21, 2006 deposition, that he perjured himself in a prior

deposition. In his June 21, 2006 deposition, Veneski stated that, contrary to his testimony in his earlier deposition, Cousins asked him for $454,450.55. (Veneski Dep. 135:18-136:1, Doc. 84-2 at 61.)  Veneski, in fact, drafted Cousins a check, writing "Attorney's Fees" in the memo section. (Veneski Aff. ¶ 119, Doc. 84-2 at 34.)  Cousins changed the memo section of the check to read "gift." (*Id.*)  Moreover, Veneski admitted in his deposition that there were other falsities he had attested to in his earlier deposition. Plaintiff asserts that, because of these newly discovered false statements, the Court should reconsider its partial grant of summary judgment in Defendants' favor. (Doc. 84-1 at 1-2.)  This motion is fully briefed and ripe for disposition.

## LEGAL STANDARD

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within ten days of entry. FED. R. CIV. P. 59(e).  The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).  A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou-Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between

the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, Civ. A. No. 05-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, the reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).[1]

---

[1] Additionally, the Court notes that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *See id.* at 248. An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id*.

Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law. *See* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2727 (2d ed. 1983). The moving party may present its own evidence or, where the nonmoving party has the burden of proof, simply point out to the Court that "the nonmoving party has failed to make a sufficient showing of an essential element of her case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to the nonmoving party. *See White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988). Once the moving party has satisfied its initial burden, the burden shifts to the nonmoving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *See Anderson*, 477 U.S. at 256-257.

The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

## DISCUSSION

Plaintiff asserts that Kevin Veneski's admission that he perjured himself in an earlier deposition, as well as the substance of the testimony he provided in his June 21, 2006 deposition, warrants the Court's granting of its motion for reconsideration. The Court disagrees.

First, Plaintiff fails to explain how Kevin Veneski's testimony implicates Juanita Veneski in Cousins' fraud. As such, there remains absolutely no evidence in the record suggesting that Juanita Veneski was involved in Cousins' scheme. Consequently, Plaintiff's motion for reconsideration will be denied as to Juanita Veneski.

Second, while Kevin Veneski admitted in his June 21, 2006 deposition that he perjured himself, Plaintiff has failed to explain the relevance of Kevin Veneski's perjury. When new evidence is irrelevant to the claims at issue, the moving party is not entitled to reconsideration. *Harsco*, 779 F.2d at 909. Here, while Kevin Veneski may have perjured himself, and it now appears that Cousins in fact manipulated him to a substantial extent for Cousins' own benefit, the fact remains that Kevin Veneski did exactly as he said he would in the additur affidavit – he gave Cousins one-third of the funds he received from his medical malpractice settlement. (Veneski Aff. ¶ 18, Doc. 84-2 at 17.) As such, Kevin Veneski cannot be liable for fraud. Therefore, Plaintiff's motion for reconsideration as to Count II (fraud) of its Complaint against Kevin Veneski will be denied.

Plaintiff's PUFTA claim fails as well. Kevin Veneski's perjury does not alter the legal principle that an attorney does not acquire the rights to funds received in connection with the attorney-client relationship beyond those funds which represent fees owed him. *See* PA. RULES OF PROF'L CONDUCT R. 1.15. As such, Cousins acquired no rights in the

settlement funds beyond the amount prescribed by New York law, notwithstanding the additur affidavit or Veneski's later payment of $454,450.55 to Cousins.  Consequently, at the time Cousins allegedly conveyed the settlement funds to Veneski, there was no "transfer" under PUFTA.  As there was no transfer, there can be no fraudulent conveyance either.  Accordingly, the Court will deny Plaintiff's motion for reconsideration as to Count IV (PUFTA) of its Complaint against Kevin Veneski.

## CONCLUSION

For the above stated reasons, Plaintiff's Motion for Reconsideration will be denied. An appropriate Order will follow.


 December 19, 2006                                          /s/ A. Richard Caputo
Date                                                                    A. Richard Caputo
                                                                            United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LEGAL ASSET FUNDING, LLC, | |
| Plaintiff, | CIVIL ACTION NO. 3:04-CV-1156 |
| v. | |
| KEVIN VENESKI AND JUANITA VENESKI, | (JUDGE CAPUTO) |
| Defendants. | |

## ORDER

**NOW**, this 19th day of December, 2006, **IT IS HEREBY ORDERED** that Plaintiff Legal Asset Funding, LLC's Motion for Reconsideration (Doc. 83) is **DENIED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge