# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LEGAL ASSET FUNDING, LLC,

    Plaintiff,

        v.

KEVIN VENESKI and JUANITA VENESKI,

    Defendants.

NO. 3:04-CV-1156

(JUDGE CAPUTO)

## AMENDED MEMORANDUM

Presently before the Court is Plaintiff's Second Motion to Transfer Venue to the Hudson County New Jersey Chancery Division Superior Court. (Doc. 102.) For the reasons set forth below, Plaintiff's motion to transfer venue will be denied.

The Court has jurisdiction over this matter based on diversity of citizenship. 28 U.S.C. § 1332(a).

## BACKGROUND

Plaintiff Legal Asset Funding, LLC ("LAF") is engaged in the business of purchasing legal receivables, such as anticipated legal fees in pending cases. (Compl. ¶ 1, Doc. 1.) Defendants, the Veneskis, were plaintiffs in a medical malpractice action. The Veneskis' attorney, Norman Leonard Cousins, financed the medical malpractice action with money from fee purchase agreements entered into with Plaintiff LAF. Cousins misrepresented to Plaintiff that he was to receive a one-third (1/3) contingency fee for representing the Veneskis in their action. (Compl. ¶ 11, Doc. 1.) This was despite the fact that New York, the state in which the medical malpractice action was prosecuted,

imposes a statutory cap on attorney's fees in medical malpractice cases which is well below one-third of the award or settlement. *See* N.Y. JUD. L. 474-a (McKinney Supp. 2003).

Plaintiff LAF alleges that the Defendant Veneskis were complicit in Cousins' fraud because of an affidavit executed by Kevin Veneski to support a potential application for an additur to Cousins' contingency fee.  In the affidavit, Veneski stated that, in the event that Cousins was not given a one-third (1/3) contingency fee by the court, he would nonetheless pay the difference in the form of a gift.  (Doc. 19-2 ¶ 2.)  Plaintiff asserts that this affidavit was only created to induce it to enter into the fee purchase agreements with Cousins to fund the Veneskis' medical malpractice action. (Compl. ¶ 22, Doc. 1.)

Plaintiff LAF filed its Complaint against Defendants Kevin and Juanita Veneski on May 27, 2004.  (Doc. 1.)  Plaintiff filed a Motion to Stay Proceedings (Doc. 13) on August 3, 2004, contending that because there was a parallel action in New Jersey state court, the case should be stayed.  On February 14, 2005, the Court denied Plaintiff's motion, finding that the *Cone* factors did not require a stay of the proceedings, as the New Jersey action was not a parallel action.  (Doc. 43.)  *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983).

On September 12, 2006, Defendant Juanita Veneski was granted summary judgment and dismissed from the case.  (Doc. 74.)  Defendant Kevin Veneski was also granted summary judgment on Counts II and IV of the Complaint.  (Doc. 74.)  Two counts remain against Defendant Kevin Veneski on the theory of promissory estoppel and unjust enrichment.  (Doc. 74.)

On February 11, 2008, Plaintiff LAF filed the present Motion to Change Venue to the Hudson County New Jersey Chancery Division Superior Court. (Doc. 102.) The motion is ripe and fully briefed for disposition.

## DISCUSSION

Plaintiff LAF argues that this action should be transferred to the Hudson County, New Jersey, Chancery Division Superior Court.  Plaintiff reaches this conclusion through an unusual theory.  Plaintiff LAF argues that the Bankruptcy Court for the Southern District of New York has jurisdiction over the instant action because this action is a "core proceeding" under 28 U.S.C. § 157.  Nonparty Norman Cousins is a debtor in the Bankruptcy Court for the Southern District of New York, and the Defendant Veneskis filed proof of claim in that action as creditors.  The Bankruptcy Court transferred the Cousins bankruptcy action from the Southern District of New York to the Hudson County, New Jersey, Chancery Division Superior Court, where Cousins and the Defendant Veneskis were defendants to a previously filed action by Plaintiff LAF.

On March 8, 2006 the Order from Bankruptcy Judge Robert D. Drain transferred the bankruptcy proceeding in the Southern District of New York to the Hudson County, New Jersey Chancery Division Superior Court, with Judge Drain ordering that "[t]his adversary proceeding [be] remanded to the Superior Court of the State of New Jersey, Hudson County (Chancery Division) for adjudication of all issues therein (the "State Court Proceeding")."  (Doc. 104 Ex. A.)  Therefore, Plaintiff argues that the Bankruptcy Court for the Southern District of New York has "core jurisdiction" over the instant action.

3

According to Plaintiff, because the Bankruptcy Court transferred venue to the Hudson County, New Jersey, Chancery Division Superior Court, Plaintiff concludes that this Court should likewise transfer venue to the New Jersey Court.

Plaintiff cites 28 U.S.C. § 157(b), which concerns "core proceedings" in a bankruptcy case. Specifically, the Plaintiff addresses three (3) types of core proceedings, which include:

> (A) matters concerning the administration of the estate;
>
> (B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;
>
> and
>
> (O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims.

28 U.S.C. § 157(b)(2)(A), (B), and (O). Plaintiff argues that the action in this Court considers the allowability of claims against the Cousins estate based on the following logic: the instant case considers the allowability of LAF's claims against Kevin Veneski, and therefore, the claims in this case are derivative of those by Kevin Veneski against Norman Cousins, the debtor in the bankruptcy action.

Core jurisdiction is defined in 28 U.S.C. § 157(b)(1), which states that "[b]ankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11." 28 U.S.C. §

4

157(b)(1).  The Third Circuit Court of Appeals has held that "[c]ases under title 11, proceedings arising under title 11, and proceedings arising in a case under title 11 are referred to as 'core' proceedings; whereas proceedings 'related to' a case under title 11 are referred to as 'non-core' proceedings."  *In re Resorts Int'l, Inc.,* 372 F.3d 154, 162 (3d Cir. 2004) (citing 1 COLLIER ON BANKRUPTCY, P3.02[2], at 3-35 (15th ed. rev. 2003)).  The *Resorts International* court further noted that bankruptcy courts have full adjudicative power as to "core" proceedings, but only the power of recommendation to the district courts for "non-core," "related to" proceedings.

"[A] core proceeding under section 157 is one that invokes a substantive right provided by title 11 or one that by its nature, could arise only in the context of a bankruptcy case."  *Id.* at 163 (quotations and citations omitted).  In *Resorts International*, the underlying claim was an accounting malpractice action brought by the Trustee for the debtor Resorts International against Price Waterhouse & Co.  *Id*. at 157.  The debtor, Resorts International, was not a party to the case, as it had assigned its rights, title and interest to the Trustee.  *Id.*  Although the Trustee argued that the proceeding was a "core" proceeding, the Third Circuit Court of Appeals noted that it need not resolve whether the proceeding was "core" or "non-core."  *Id.* at 164.  The court held that because "[n]on-core 'related to' jurisdiction is the broadest of the potential paths to bankruptcy jurisdiction, . . . we need only determine whether a matter is at least 'related to' the bankruptcy."  *Id.* (citing *Donaldson v. Bernstein*, 104 F.3d 547, 552 (3d Cir. 1997)).

The proceeding before this Court is not a "core" proceeding, as it does not even rise to the level of broad, "related to" jurisdiction.  For a bankruptcy court to have "related to" jurisdiction, "the outcome of that proceeding could conceivably have any effect on the

estate being administered in bankruptcy." *Stoe v. Flaherty*, 436 F.3d 209, 216 (3d Cir. 2006).

The present case is analogous to *In re Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d Cir. 1984), *overruled on other grounds in Things Remembered, Inc. v. Petrarca*, 516 U.S. 124 (1995), which considered a bankruptcy court's "non-core," "related to" jurisdiction. In *Pacor*, plaintiffs John and Louise Higgins filed suit against Defendant Pacor for asbestos exposure. *Id.* at 986. Defendant Pacor subsequently filed a third party complaint against Johns-Manville, an asbestos producer. *Id.* After the impleader, Johns-Manville filed a petition in bankruptcy under Chapter 11. *Id.* In an attempt to remove the case to federal bankruptcy court from state court, Defendant Pacor argued that the original asbestos suit was "related to" the Johns-Manville bankruptcy action. *Id.* at 994. The bankruptcy court remanded the case to state court on other grounds. *Id.* at 987. On appeal, the Third Circuit Court of Appeals held that the original asbestos action was not "related to" the Johns-Manville bankruptcy proceedings. Specifically, the Third Circuit Court of Appeals held:

> Our examination of the Higgins-Pacor-Manville controversy leads us to conclude that the primary action between Higgins and Pacor would have no effect on the Manville bankruptcy estate, and therefore is not "related to" bankruptcy within the meaning of section 1471(b). At best, it is a mere precursor to the potential third party claim for indemnification by Pacor against Manville. Yet the outcome of the Higgins-Pacor action would in no way bind Manville, in that it could not determine any rights, liabilities, or course of action of the debtor.

*Id.* at 995. The court further noted that:

> Pacor stresses that the Higgins-Pacor claim would affect the Manville bankruptcy estate, in that without a judgment for plaintiff Higgins in that action, there could never be a third

>party indemnification claim against Manville. This argument
>does not alter our conclusion. At best, one could say that a
>judgment against the plaintiff on the primary claim would make
>absolutely certain that the Manville estate could never be
>adversely affected. This does not prove the converse,
>however, that a judgment in favor of the plaintiff Higgins
>necessarily does affect the estate. The fact remains that any
>judgment received by the plaintiff Higgins could not itself result
>in even a contingent claim against Manville, since Pacor would
>still be obligated to bring an entirely separate proceeding to
>receive indemnification.

*Id.* In conclusion, the court held that "the action brought by Higgins against Pacor is not 'related to' bankruptcy, and that therefore there was no jurisdiction to remove the matter to federal court." *Id.* at 996.

This Court is faced with essentially the same situation as *Pacor*. The case before the Court is a proceeding by Plaintiff LAF against Defendant Kevin Veneski. Although Defendant Kevin Veneski may have claims for contribution and indemnity against Norman Cousins, Norman Cousins is not a party-defendant to this case. Plaintiff LAF did not include Cousins as a Defendant, nor did Defendant Veneski bring Cousins into the action as a third party defendant. In this case, Defendant Veneski has a potential claim against a non-party debtor, Norman Cousins. As in *Pacor*, these claims are only potential claims. "[T]he mere fact that there may be common issues of fact" between the bankruptcy case and the civil case does not create bankruptcy "related to" jurisdiction. *Id.* at 994. Furthermore, even if the bankruptcy court had "related to" jurisdiction, such jurisdiction is not exclusive. Rather, "[i]n such a proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district court judge." 28 U.S.C. § 157(c)(1).

This action is not a "core proceeding" as described by the Plaintiff, and therefore

7

the bankruptcy court does not have "exclusive" jurisdiction as argued by the Plaintiff. In fact, the proceeding does not even rise to the level of a "related to" jurisdiction. Because this proceeding is neither a "core" proceeding, nor a "non-core," "related to" proceeding, the bankruptcy court would not have jurisdiction. As the Bankruptcy Court for the Southern District of New York would not have jurisdiction over this action, the Court will decline to transfer this action to the Hudson County, New Jersey, Chancery Division Superior Court based upon the Bankruptcy Court's March 8, 2006 Order.

The reply brief of Plaintiff LAF focuses on the importance of Norman Cousins in this action, and states that Defendant Kevin Veneski must be tried in New Jersey because "that is . . . *the only venue* [where] he has chosen to litigate his claims against Cousins." (Doc. 104 at 5.) Plaintiff then focuses on the rules of joinder, and argues that without Cousins, the integrity of the litigation in Pennsylvania would be compromised. However, this is not the case. Plaintiff LAF may potentially recover from Defendant Kevin Veneski in this case. The fact that Defendant Veneski may at a later point require indemnity or contribution from Cousins does not make Cousins an indispensable party. For this reason, the Court will not transfer venue to the Hudson County, New Jersey, Chancery Division Superior Court for purposes of joinder.

## CONCLUSION

For the above stated reasons, the Court will deny Plaintiff's motion to transfer venue to the Hudson County, New Jersey, Chancery Division Superior Court.

8

An appropriate Order will follow.

| | |
|---|---|
| May 7, 2008 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LEGAL ASSET FUNDING, LLC,<br><br>    Plaintiff,<br><br>            v.<br><br>KEVIN VENESKI and JUANITA VENESKI,<br><br>    Defendants. | NO. 3:04-CV-1156<br><br>(JUDGE CAPUTO) |

## **ORDER**

**NOW**, this  7th  day of May, 2008, Plaintiff's motion to transfer venue (Doc. 104) is **DENIED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge